**GARY J. NELSON, CA Bar No. 184651**
GNelson@lrrc.com
**ANNE WANG, CA Bar No. 151000**
AWang@lrrc.com
**DREW WILSON, CA Bar No. 283616**
DWilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
TAPATIO FOODS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPATIO FOODS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ISAAC GRANADOS, an individual,<br><br>Defendant. | Case No. 2:17-cv-07532<br><br>**COMPLAINT FOR:**<br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br>**2. FEDERAL UNFAIR COMPETITION;**<br>**3. UNFAIR COMPETITION UNDER CAL. BUS. CODE § 17200; and**<br>**4. DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tapatio Foods, LLC ("Tapatio" or "Plaintiff") by and through its attorneys, asserts this Complaint against Defendant Isaac Granados ("Defendant") as set forth below.

CPS 102546829.1

## THE PARTIES

1. Plaintiff Tapatio Foods, LLC is a limited liability company organized under the laws of California with its principal place of business at 4685 District Blvd., Vernon, California 90058.

2. On information and belief, Defendant Isaac Granados is an individual and resident of California with his primary residence in Southern California.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., unfair competition and dilution under the Lanham Act, 15 U.S.C. § 1125 et seq., and California state statutory unfair competition under California Business and Professions Code § 17200 et seq.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over Tapatio's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the Central District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Tapatio's Ownership and Use of the TAPATIO Marks

6. Tapatio is the owner of United States Trademark Registration No. 1,228,964 (the "'964 Registration") for TAPATIO in International Class 030 for meatless hot sauce. This registration has a registration date of March 1, 1983

CPS 102546829.1

and a first use in commerce of November 10, 1977. The mark is now incontestable. Attached as Exhibit A is a copy of the '964 Registration.

7. Tapatio is the owner of United States Trademark Registration No. 4,997,043 (the "'043 Registration") for TAPATIO in International Class 030 for seasonings. This registration has a registration date of July 12, 2016 and a first use in commerce of June 2015. Attached as Exhibit B is a copy of the '043 Registration.

8. Tapatio is the owner of United States Trademark Registration No. 3,837,981 (the "'981 Registration") for TAPATIO SALSA PICANTE and Design in International Class 030 for meatless hot sauce. This registration has a registration date of August 24, 2010 and a first use in commerce of February 25, 1997. The mark is now incontestable. Attached as Exhibit C is a copy of the '981 Registration.

9. The '981 registration claims the TAPATIO SALSA PICANTE and Design mark as follows:



10. The subject marks of the '964, '043, and '981 Registrations are referred to herein as the TAPATIO Marks

11. The TAPATIO Marks are the subject of extensive advertising by Tapatio, including but not limited to use of the marks on billboards, in magazines, on the internet and social media, in commercials, and in tradeshows.

-3-

CPS 102546829.1

12. Products bearing the TAPATIO Marks are available for sale in grocery stores and specialty goods retailers nationwide, and are featured as the hot sauce of choice for a number of restaurants.

13. The TAPATIO Marks are strong marks that, through Tapatio's continuous use of the marks on high quality meatless hot sauce and other goods, have come to acquire significant secondary meaning and goodwill in the mind of the consuming public who associate the TAPATIO Marks with Tapatio.

14. The TAPATIO Marks are "famous" marks within the meaning of the term as defined in the Federal Trademark Dilution Act 15 U.S.C. § 1125(c)(2)(A).

## Defendant's Infringing TRAPATIO Mark

15. On information and belief, Defendant has begun to manufacture, sell, offer for sale, advertise, and/or distribute meatless hot sauce and other related products bearing the mark shown below which is confusingly similar to the TAPATIO Marks:



**Infringing TRAPATIO Sombrero Mark**

16. On information and belief, the above identified mark (the "Infringing Mark") is advertised to the same class of consumers as goods sold by Tapatio under the TAPATIO Marks.

17. On information and belief, the Infringing Mark is advertised in the same marketing channels as goods sold by Tapatio under the TAPATIO Marks.

-4-

CPS 102546829.1

18. On information and belief, Defendant uses the word TRAPATIO in connection with the sale, advertising, offer for sale, manufacturing and distribution of meatless hot sauce.

19. TRAPATIO and TAPATIO contain the same letters and sound similar, the only difference being the addition of the "R" in TRAPATIO.

20. The word TRAPATIO appears on Defendant's products in a red arching font in a confusingly similar manner to Tapatio's use of TAPATIO.

21. On information and belief, in some instances, the font used by Defendant for TRAPATIO is similar to the font used by Tapatio for the TAPATIO marks.

22. The use of the mark TRAPATIO by Defendant is likely to cause confusion as to the source, origin, sponsorship, and/or affiliation of Defendant's goods, on the one hand, and Tapatio's goods on the other hand.

23. The man in the sombrero, yellow shirt, and red tie that appears in the TAPATIO Marks is a Charro.

24. On information and belief, the Infringing Mark that Defendant uses in connection with the sale, advertising, offer for sale, manufacturing and distribution of meatless hot sauce also contains a Charro with an iconic sombrero, yellow jacket, and red tie, and is confusingly similar to the Charro used by Tapatio on its products.

25. On information and belief, the Infringing Mark that Defendant uses in connection with the sale, advertising, offer for sale, manufacturing and distribution of meatless hot sauce also includes a curled red banner under the Charro.

26. On information and belief, in some instances, these banners contain the exact same text as the red banner in the '981 Registration.

27. The use of the Charro in connection with the word TRAPATIO by Defendant is likely to cause confusion as to the source, origin, sponsorship,

and/or affiliation of Defendant's goods, on the one hand, and Tapatio's goods on the other hand.

### Defendant's Tarnishment of the TAPATIO Marks

28. As is demonstrated below, Defendant claims that one or more of the products produced by him, or manufactured on his behalf, that bear the Infringing Mark are infused with marijuana (cannabis) and contain THC.



29. On information and belief, marijuana is a Schedule 1 drug under U.S. Federal Law.

30. On information and belief, other Schedule 1 drugs include, but are not limited to heroin, ecstasy, and LSD.

31. On information and belief, the sale, distribution, advertising for sale, and consumption of marijuana is illegal under U.S. Federal Law.

32. By using a mark that evokes the TAPATIO Marks in conjunction with the sale of products that illegally contain a Schedule 1 controlled substance, Defendant has tarnished the reputation of the TAPATIO Marks.

### COUNT I

### (Trademark Infringement of a Registered Trademark Under the Lanham Act 15 U.S.C. § 1114)

33. Tapatio repeats and realleges the allegations of paragraphs 1 through 32 of the Complaint as if fully set forth here.

34. The above-cited acts by Defendant constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114.

35. Tapatio has been damaged by Defendant's trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship, or approval of products offered under the TAPATIO Marks and Defendant's Infringing Mark.

36. By reason of Defendant's actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

37. On information and belief, Defendant's acts of trademark infringement have been willful and taken without regard to the established rights of Tapatio.

## COUNT II

**(Unfair Competition Under the Lanham Act 15 U.S.C. § 1125)**

38. Tapatio repeats and realleges the allegations of paragraphs 1 through 37 of the Complaint as if fully set forth here.

39. The above-cited acts by Defendant constitute unfair competition in violation of 15 U.S.C. § 1125.

40. Tapatio has been damaged by Defendant's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendant's products that bear the Infringing Mark.

41. By reason of Defendant's actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

42. On information and belief, Defendant's acts of unfair competition have been willful and taken without regard to the established rights of Tapatio.

655 North Central Avenue, Suite 2300, Glendale, CA 91203-1445

Lewis Roca ROTHGERBER CHRISTIE

CPS 102546829.1

## COUNT III

### (Unfair Competition Under Cal. Civ. Code § 17200 *et seq.*)

43. Tapatio repeats and realleges the allegations of paragraphs 1 through 42 of the Complaint as if fully set forth here.

44. The above-cited acts by Defendant constitute unfair competition in violation of California Civil Code § 17200.

45. Tapatio has been damaged by Defendant's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendant's products that bear the Infringing Mark.

46. By reason of Defendant's actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

47. On information and belief, Defendant's acts of unfair competition have been willful and taken without regard to the established rights of Tapatio.

## COUNT IV

### (Dilution by Tarnishment Under The Lanham Act
### 15 U.S.C. § 1125(c)(2)(C))

48. Tapatio repeats and realleges the allegations of paragraphs 1 through 47 of the Complaint as if fully set forth here.

49. The above-cited acts by Defendant constitute dilution by tarnishment in violation of the Lanham Act, 15 U.S.C. § 1125(c)(2)(C).

50. Tapatio has been damaged by Defendant's dilution by tarnishment by reason that the similarity between the TAPATIO Marks and the Infringing Mark harms the reputation of the TAPATIO Marks by virtue of the association of the Infringing Mark with marijuana which is a Schedule 1 controlled substance and is illegal to sell or use under federal law.

51. By reason of Defendant's actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

CPS 102546829.1

52. On information and belief, Defendant's acts of dilution by tarnishment have been willful and taken without regard to the established rights of Tapatio.

53. On information and belief, Defendant's acts have been willful and were done with the intention to tarnish the reputation of the TAPATIO Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Tapatio prays for:

1. A permanent injunction restraining Defendant, any companies or business that he owns, its officers, directors, agents, employees, representatives and all persons acting in concert with Defendant, from engaging in any further trademark infringement, unfair competition and dilution;

2. A monetary award for corrective advertising in an amount to rectify all the harm and damages to Tapatio, including, but not limited to, the confusion caused by willful actions of Defendant, including Defendant's willful trademark infringement of the TAPATIO Marks;

3. Disgorgement of any profits Defendant enjoyed as a result of the infringement of the TAPATIO Marks;

4. All damages sustained by Tapatio as a result of Defendant's infringement and unlawful actions;

5. Treble damages under the Lanham Act as a result of Defendant's willful trademark infringement and/or dilution by tarnishment;

6. Recovery of any gains, profits and advantages Defendant has obtained as a result of his unlawful actions;

7. An award to Tapatio of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority; and

CPS 102546829.1

8. Such other and further relief as the Court deems proper.

Dated:  October 13, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

By  /s/Drew Wilson
Gary J. Nelson
Anne Wang
Drew Wilson

Attorneys for Plaintiff
TAPATIO FOODS, LLC

-10-

CPS 102546829.1

## JURY DEMAND

Tapatio demands a jury trial on all issues for which a jury trial is permitted.

Dated: October 13, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/Drew Wilson
Gary J. Nelson
Anne Wang
Drew Wilson

Attorneys for Plaintiff
TAPATIO FOODS, LLC

CPS 102546829.1