| | |
|---|---|
| Case No. CV 17-7532-MWF (MRWx) | Date: February 12, 2018 |
| Title: Tapatio Foods, LLC. v. Isaac Granados | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION FOR JUDGMENT OF DEFAULT AGAINST DEFENDANT ISAAC GRANADOS AND PERMANENT INJUNCTION [20]

Before the Court is Plaintiff Tapatio Foods, LLC.'s ("Tapatio") Motion for Entry of Default Judgment against Defendant Isaac Granados and Permanent Injunction , filed on January 5, 2018. (the "Motion") (Docket No. 20). The Court has read and considered the Complaint and the papers filed in connection with the Application and held a hearing on **February 12, 2018**.

For the reasons set forth below, the Application is **GRANTED**. Tapatio has satisfied all procedural and substantive requirements for a default judgment.

## I. BACKGROUND

The Complaint contains the following allegations, which are accepted as true for purposes of the Application. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Tapatio is a California limited liability company with its principal place of business in Vernon, California. (Complaint ¶ 1). Tapatio is in the business of making, selling, and distributing hot sauce. (*See id.* ¶¶ 6, 8, 12). The United States Patent and

Trademark Office ("USPTO") has issued to Tapatio at least 3 trademark registrations covering their name, seasonings, and other products (collectively, the "Tapatio Marks").  (*Id.* ¶ 6-9).  Tapatio has expended significant time, effort and money, marketing, advertising and promoting the Tapatio Marks throughout the United States. (*Id.* ¶ 11-14). Through these efforts Tapatio has established significant name recognition and goodwill among consumers.  (*Id.*).

Below is an image of the design for one of the Tapatio Marks:



(*Id.* ¶ 9).

Granados is a California resident.  (*Id.* ¶ 2).  Granados started manufacturing, selling, advertising, and distributing its own hot sauce and other related products bearing confusingly similar marks to the Tapatio Marks.  (*Id.* ¶ 15). Granados' hot sauce uses the word "Trapatio" instead of "Tapatio." (*Id.* ¶ 18). The only difference between the Tapatio Marks and Granados hot sauce name is the addition of the letter "R." (*Id.* ¶ 19). The font used by Granados is also very similar to the font in the Tapatio Marks. (*Id.* ¶ 20). The images featured on the front of Granados' hot sauce are also confusingly similar to the images in Tapatio's Marks. (*Id.* ¶ 23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 17-7532-MWF (MRWx) | Date: February 12, 2018 |
|---|---|---|
| Title: | Tapatio Foods, LLC. v. Isaac Granados | |

Below is an image of the label that Granados affixes to his products:



(*Id.* ¶ 15).

As suggested on its label, Granados' hot sauce is infused with cannabis and contains THC. (*Id.* ¶ 28). Given that THC is a Schedule 1 drug under federal law, Tapatio claims that Granados' hot sauce tarnishes its reputation by bearing confusingly similar logos, names, and lettering to Tapatio marks (*Id.* ¶ 32). Granados' actions are likely to lead to consumer confusion regarding affiliation between Tapatio and Granados' hot sauce. (*Id.* ¶ 35). Granados has interfered with Tapatio's ability to ensure the quality of its products and consumers' experience, and has detracted from Tapatio's goodwill among consumers. (*Id.* ¶¶ 36).

Tapatio asserted four claims against Granados: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200; (4) dilution by tarnishment under the Lanham Act, 15 U.S.C §1125(c)(2)(C)). (*Id.* ¶¶ 38-53).

## II. DISCUSSION

### A. Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Tapatio has met all procedural requirements for obtaining a default judgment against Granados.

On November 23, 2017, Tapatio served the Summons and Complaint in accordance with Federal Rule of Civil Procedure 4(e)(1) and section 415.20 of the California Code of Civil Procedure, by leaving copies with Granados' motion at his home address in Oceanside, California, and thereafter mailing copies to the same address. (Docket No. 14).  As a matter of discretion, the Court also requires that a plaintiff serve a motion for default judgment on the relevant defendant(s).  The Court does not require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendants.  Annexed to each of the Motion papers is proof of service indicating that, on January 5, 2018, Tapatio mailed copies of the Motion papers to Granados at the same Oceanside address that it served the Summons and Complaint.  The Court is satisfied that Granados received notice of the Motion.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  Upon review of the documents filed in connection with the Motion, it appears that only three of the five procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against Granados on November 29, 2017; (2) Granados failed to respond to the Complaint; and (3) Tapatio has served Granados with notice of the Motion and supporting papers in a manner deemed appropriate by the Court.

The declaration of counsel that Tapatio filed in connection with the Motion does not indicate that (1) Granados is not an infant or incompetent person, and (2) that the Service Members Civil Relief Act does not apply, as required by Local Rule 55-1. (*See* Declaration of Drew Wilson in Support of Plaintiff's Request for Entry of Default Against Defendant Isaac Granados and Permanent Injunction ("Wilson Decl. 2") (Docket No. 20-2), *passim*).  But the Court notes that Tapatio's counsel did indicate that Granados is neither a minor or incompetent person nor in the military in the declaration he submitted in connection with Tapatio's request for entry of default. (*See* Declaration of Drew Wilson in Support of Plaintiff's Request for Entry of Default against Defendant Isaac Granados ("Wilson Decl. 1") ¶¶ 7-8).  The Court thus deems Tapatio to have satisfied the requirements imposed by Local Rule 55-1.

The Motion is procedurally sound.

### B.     The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the Complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.  *Id.*

If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages.  Fed. R. Civ. P. 55(b)(2).

The Court determines that, with the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion.

### C.     Remedies

"Under the Lanham Act, 'the district court has the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner.'"  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006)).  Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's

continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Tapatio requests entry of a permanent injunction requiring Granados to:

(1) Permanently cease using and refrain from adopting for any product or service, or in any marketing material:

    (a) any trademarks containing the words Tapatio, Trapatio, or any marks confusingly similar to Tapatio;

    (b) the Trapatio Salsa Picante design and mark;

    (c) the Trapatio mark; or

    (d) any trademarks that bear an image of a Charro (meaning a traditional horseman from Mexico);

(2) Recall and destroy any of his marketing material, letterhead, business cards, signs, banners, clothing, or other media whether physical or digital bearing the trademarks identified above;

(3) Change any username, under his control, for all social media and email accounts to one that does not contain the phrase "Trapatio" and/or "Tapatio" or ay marks confusingly similar to Tapatio;

(4) Refrain from telling any customer, vendor, distributor or other person or business that he is in any way related to or affiliated with Tapatio.

Tapatio has demonstrated that, absent entry of a permanent injunction, it is possible that Granados or his affiliates will continue to sell infringing products. "Failure to grant the injunction would needlessly expose [Tapatio] to the risk of continuing irreparable harm." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003).  The Court finds that the above terms are

reasonable.  Accordingly, Tapatio's request for entry of a permanent injunction is **GRANTED.**

### III.     CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.  A separate judgment will issue.

IT IS SO ORDERED.